FILED

DEC -5 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:22cr 144 |
| v. | ) |
| | ) 18 U.S.C. § 1959(a)(5) |
| TONY DONELLE SLEDGE, JR., | ) Conspiracy to Commit Murder in Aid of |
| a/k/a "T.J.," | ) Racketeering |
| | ) (Count 1) |
| | ) |
| Defendant. | ) 18 U.S.C. §§ 924(d), |
| | ) 28 U.S.C. § 2461 |
| | ) Criminal Forfeiture |

**CRIMINAL INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE

**The Enterprise**

1. The defendant, TONY DONELLE SLEDGE, JR., a/k/a "T.J.," was a member of the Franklin Enterprise (the "Enterprise"), which operated in and around Franklin, Virginia, within the Eastern District of Virginia. This was a criminal organization whose members and associates engaged in acts of violence, including acts involving murder, as well as witness intimidation and narcotics trafficking.

2. The Enterprise including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, that engaged in, and the activities of which, affected interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3. The Enterprise copied many of its rules from the United Blood Nation ("UBN"), a gang alliance created within the Riker's Island prison complex in or about 1993.

4. The UBN is broken down into individual units called "sets," which utilize common tattoos, communication codes, and language, and are identified by wearing the color red. The Enterprise's leader, Leonard, held a position of regional leadership in one of the various UBN sets. Several other members and associates of the Enterprise are also members of various UBN sets.

5. Upon his release from state prison in or about 2015, Leonard returned to Franklin, where he assumed his position of leadership over members and associates of the Enterprise. Leonard was well-known throughout the community of Franklin, Virginia for his ruthless demeanor and reputation for violence, which enabled him to control the criminal activities that took place within that territory.

6. Leonard and other members and associates of the Enterprise held meetings to discuss criminal activities and other gang-related business at a residence shared by Leonard and Enterprise member E.L. located on Railroad Avenue in Franklin, Virginia. Leonard and other Enterprise members and associates also used this residence to distribute narcotics, including, but not limited to, heroin, cocaine, cocaine base, also known as "crack" cocaine, and marijuana. Enterprise members and associates distributed narcotics in Franklin, Virginia with Leonard's permission. Moreover, rival gang members sought Leonard's authorization to conduct criminal activity in Franklin since it was under Leonard's control.

7. In the Enterprise's Franklin, Virginia territory, members and associates of the Enterprise maintained a unique relationship with the Crip-affiliated neighborhood gang, the "00 Gang" ("00"). For example, Enterprise members and associates and 00 members and associates were non-violent in some social settings.

8. However, in or about December 2017, following disputes between Leonard, members and associates of the Enterprise, and 00 members, a rivalry developed. Shortly after these public disputes arose, Leonard was murdered, which triggered a series of retaliatory attacks by Enterprise members and associates seeking to reestablish their position of authority in Franklin, Virginia territory following Leonard's untimely death.

9. The Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

### Purposes and Objectives of the Enterprise

10. The purposes of the Enterprise included the following:

   a. Enriching the members and associates of the Enterprise through, among other things, narcotics distribution and firearm violations.

   b. Preserving and protecting the power, territory, and profits of the Enterprise through the use of intimidation, violence, including acts involving murder, and threats of violence.

   c. Promoting and enhancing the Enterprise and its members' and associates' activities.

   d. Keeping victims in fear of the Enterprise and in fear of its members and associates through violence and threats of violence.

### Manner and Means of the Enterprise

11. Among the manner and means by which the members and associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

  a. Members and associates of the Enterprise conspired, committed, attempted, and threatened to commit acts of violence, including acting involving murder and assault with a dangerous weapon, to protect and expand the Enterprise's criminal operations.

  b. Members and associates of the Enterprise promoted a climate of fear through violence and threats of violence.

  c. Members and associates of the Enterprise used and threatened to use violence against various individuals, including individuals associated with rival gangs.

  d. Members and associates of the Enterprise trafficked in cocaine, cocaine base, also known as "crack" cocaine, heroin, and marijuana.

From on or about December 17 to December 19, 2017, in the Eastern District of Virginia and elsewhere, the defendant, TONY DONELLE SLEDGE, JR., a/k/a "T.J."; and others, both known and unknown to the grand jury, for the purpose of maintaining and increasing position in the Franklin Enterprise, an enterprise engaged in racketeering activity, did knowingly and willfully conspire to murder 00 Gang members and associates in violation of Virginia Code §§ 18.2-32 and 18.2-22.

(In violation of Title 18, United States Code, Section 1959(a)(5).)

## CRIMINAL FORFEITURE

1.  The defendant, if convicted of the violation alleged in this Information, shall forfeit to the United States, as part of the sentencing under Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

2.  If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p), and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Section 924(d)(1); and Title 28, United States Code, Section 2461(c))

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
William B. Jackson
Assistant United States Attorney